BOYLE v. BOYLE.

(Circuit Court, E. D. Pennsylvania. March 25, 1902.)

No. 6.

PARTITION—RIGHTS OF PURCHASER AT SALE—RESCISSION FOR DEFECT OF TITLE.

Where real estate was sold in a partition suit between collateral heirs of the last owner, subject to the condition that a deposit should be made by the purchaser, which should be forfeited in case he failed to comply with his bid, the successful bidder cannot refuse to complete the purchase, and recover his deposit, on the ground that the title is unmarketable, because the evidence did not exclude the possibility of the existence of other heirs not before the court, when such evidence had been found sufficient by the master and the court, and was clearly so unless the recollection of the witnesses was at fault, and their testimony was unimpeached.

Partition. On petition for repayment of deposit money by bidder at sale.

Richard C. Dale, for petitioner.
H. W. Scarborough, for defendant.

J. B. McPHERSON, District Judge. As the result of this action of partition between the collateral heirs of the last owner of the real estate, a sale of the property was had, at which the petitioner was the successful bidder for the sum of $4,965. He paid a deposit of $497.50, but afterwards refused to complete the purchase, upon the ground that the title was not marketable. The conditions of the first sale provided that the deposit money should be forfeited if the purchaser failed to comply with his bid. Upon a second sale, only $4,200 could be obtained. The petitioner requested the master to repay him the deposit of $497.50, and upon the master's refusal now applies to the court. The sole ground upon which the petition is put is that the testimony taken by the master in order to ascertain who were the heirs is not sufficiently certain to preclude the possibility of there being other heirs than those who are parties to the action. Assuming that the finding of the master and the decree of the court upon this subject can be re-examined in this manner, I can only say that a consideration of the testimony has failed to convince me that the title can fairly be said to be unmarketable. If the recollection of the witnesses is accurate, all the heirs of the decedent have been accounted for and have been made parties, and nothing whatever is shown to impeach the memory or the good faith of the witnesses that have testified concerning his family connection. It is merely a possibility, with no testimony to support it, upon which the petitioner relies. When it is consid-

ered, also, that the decedent has been dead for nearly 21 years, I think it is highly probable that all persons interested in his estate have presented themselves, or have been brought, before the court.

The petition is refused.